# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1997 SESSION



FILED

**December 23, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

|  |  |  |
|---|---|---|
| **LARRY LEONARD JOYNER, JR.,** | ) | |
| Appellant, | ) | **C.C.A. NO. 02C01-9610-CC-00328** |
| | ) | |
| VS. | ) | **LAKE COUNTY** |
| | ) | |
| **BILLY COMPTON, Warden,** | ) | **HON. JOE G. RILEY, JR.,** |
| | ) | **JUDGE** |
| Appellee. | ) | |
| | ) | (Habeas corpus) |

FOR THE APPELLANT:                     FOR THE APPELLEE:


**LARRY LEONARD JOYNER, JR. (pro se)**     **JOHN KNOX WALKUP**
Register No. 135266                        Attorney General & Reporter
Rt. 1, Box 330
Tiptonville, TN  38079-9775              **DEBORAH A. TULLIS**
                                          Asst. Attorney General
                                          450 James Robertson Pkwy.
                                          Nashville, TN  37243-0493

                                          **C. PHILLIP BIVENS**
                                          District Attorney General
                                          P.O. Drawer E
                                          Dyersburg, TN  38024


OPINION FILED:_____



**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner filed his petition for writ of habeas corpus on August 9, 1996, alleging that he is being illegally restrained by virtue of a twenty year sentence imposed in 1990 for aggravated rape. He contends that the underlying conviction is void because it is based on an invalid indictment. He alleges that the indictment is invalid because it does not include an allegation of the mens rea element of the offense. The petitioner relies on this Court's opinion in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. filed June 20, 1996, at Nashville). The court below summarily dismissed the petition, and this appeal as of right followed. We affirm.

We first note that our Supreme Court has overruled this Court's decision in Hill. See State v. Hill, __ S.W.2d __ (Tenn. 1997). Moreover, the indictment against the petitioner alleges that he committed aggravated rape by "unlawfully forcibly or coercively sexually penetrat[ing] [the victim] causing personal injury." The use of the term "forcibly or coercively" is sufficient to allege the mens rea required for aggravated rape.[1] The petitioner's contention is therefore without merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

---

[1]The mens rea requirement for aggravated rape is intentional, knowing or reckless. See State v. Hill, __ S.W.2d __, __ (Tenn. 1997)

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
DAVID G. HAYES, Judge